UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDUARDO HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | No. CV 10-09108 DDP (AJW) |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| KEVIN M. LALLY, et al., ) | DISMISSING COMPLAINT |
| ) | WITH LEAVE TO AMEND |
| Defendants. ) | |

**Proceedings**

Plaintiff, a federal prisoner proceeding pro se, filed a civil rights complaint against Paul Keenan ("Keenan"), an FBI agent, and Kevin M. Lally, an Assistant United States Attorney. Defendants are sued in their individual and official capacities. For the reasons described below, the complaint is dismissed with leave to amend for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff has three options:

(1) Plaintiff **may continue this action in this court** by filing a document labeled **"First Amended Complaint"** within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the deficiencies described below.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of the complaint by seeking appellate review

1 of this order in the Ninth Circuit Court of Appeals.  If the court receives timely written notice of
2 plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice, and
3 plaintiff will be free to appeal the order of dismissal.  See Edwards v. Marin Park, Inc., 356 F.3d
4 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

5 (3) Plaintiff **may do nothing in response to this order**.  If plaintiff does not respond to this order by
6 filing either a timely amended complaint or a notice of intent not to amend, plaintiff will be deemed
7 to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal
8 Rules of Civil Procedure for failure to prosecute and failure to comply with this court's order.  See
9 Edwards, 356 F.3d at 1063-1066.

**Plaintiff is cautioned that failure to file an amended complaint within the time permitted by this order may result in the dismissal of this action with prejudice**.

### Fact Allegations

Plaintiff alleges that Lally and Keenan violated his due process rights by presenting "false and misleading evidence" to the grand jury and by avoiding pointing out evidence favorable to plaintiff. [Complaint 5].  The complaint further alleges that Keenan "testified falsely under oath" before the grand jury and "took advantage of his position as a federal agent" in so testifying. [Complaint 3].  Plaintiff alleges that after 15 months of incarceration, he has been denied his right to "a fast and speedy trial." [Complaint 5].  Plaintiff also alleges that he has been denied eye glasses to correct "poor vision" and has "dental issues." [Complaint 5].  Plaintiff requests that the charges against him be dismissed, and that he be released from prison. [Complaint 5].

### Discussion

On its own motion or the motion of a party, the court "shall" dismiss a complaint that seeks relief against a governmental entity or officer or employee of a governmental entity, or a complaint brought by a prisoner with respect to prison conditions, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. §§ 1915A(b); 42 U.S.C. § 1997e(c)(1)-(2).  A claim is frivolous if it lacks an arguable basis in either law or fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319,

325 (1989). To withstand dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, — U.S.—, 129 S.Ct. 1937, 1949 (2009)(quoting and citing Bell Atlantic Corp. v. Twombly, 550 U.S.544, 556, 570 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555  (internal quotation marks and ellipsis omitted).  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-323 (2007); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  The court must accept as true all factual allegations contained in the complaint. That principle, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1950.  A complaint filed pro se, however, is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).

**Due process claims**

Plaintiff seeks release from confinement on the grounds that: (1) his indictment by a grand jury violated his due process rights, rendering his imprisonment unlawful; and (2) the length of his imprisonment is excessive, in violation of his right to a speedy trial.

For the reasons explained in the Report and Recommendation ("Report") filed concurrently with this memorandum and order, plaintiff's due process claims should be dismissed in their entirety without leave to amend and without prejudice.  Accordingly, those claims are not analyzed here.

**Claims regarding vision and dental needs**

Plaintiff alleges that he "suffers from poor vision and is deteriorating at the present time. He requires ocular glasses to correct and improve his vision, which has also been denied since July 2009, and also has the same situation regarding dental issues." [Complaint 6].

To state a conditions-of-confinement claim under the Eighth Amendment based on inadequate medical care, plaintiff must show that defendants were deliberately indifferent to his serious medical needs. Helling v. McKinney, 509 U.S. 25, 32 (1993); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hallett v. Morgan, 296 F.3d 732, 744-745 (9th Cir. 2002). Deliberate indifference may be shown where the defendants intentionally denied, delayed, or interfered with the plaintiff's medical care, or by the manner in which the medical care was provided. Estelle, 429 U.S. at 104-105; Hallett, 296 F.3d at 732. Where, however, a defendant has "based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.), cert. denied, 519 U.S. 1029 (1996); see Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Rather, a plaintiff must show that the course of treatment "was medically unacceptable under the circumstances," and that defendants "chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332 (citing Williams v. Vincent, 508 F.2d 541, 543-44 (2d Cir. 1974) and Farmer v. Brennan, 511 U.S. 825, 835-838 (1994)). Mere negligence or medical malpractice does not constitute a constitutional violation. Estelle, 429 U.S. at 105-106; Hallett, 296 F.3d at 744.

Plaintiff's allegations that he was denied glasses and has dental "issues" are too vague and conclusory to establish a facially plausible claim for deliberate indifference to plaintiff's serious medical need. Moreover, he has not requested any relief to remedy these alleged deprivations. In addition, nothing in the complaint suggests that Lally or Keenan had any involvement in decisions relating to plaintiff's vision or dental needs. See Iqbal, 129 S.Ct. at 1949 (stating that a Bivens defendant "is only liable for his or her own misconduct," and that "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation")(quoting Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ); Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008) (stating that a civil rights plaintiff must "demonstrate that

4

the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation.") (internal citations omitted).

For these reasons, the complaint fails to state a cognizable federal claim based on the denial of vision or dental care.

**Leave to amend**

A pro se litigant must be given leave to file an amended complaint unless it is absolutely clear that the defective complaint cannot be cured by amendment. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (explaining that "unless it is absolutely clear that no amendment can cure the defect," a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend). The Report recommends that plaintiff not be granted leave to amend his defective due process claims. Plaintiff, however, may be able to plead additional facts regarding his vision and dental care that will "nudge[] [those] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Therefore, plaintiff is granted leave to amend his complaint as his vision and dental claims **only** (and, if necessary, to add as defendants any individual(s) who caused the alleged constitutional deprivations).

## Conclusion

The complaint is **dismissed with leave to amend** in accordance with the instructions at the beginning of this order.

November 29, 2010

_____
ANDREW J. WISTRICH
United States Magistrate Judge